[Cite as *State v. Livingston*, 2014-Ohio-1637.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130160 |
| | | TRIAL NO. B-1205662 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| NATHANIEL LIVINGSTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:   Affirmed in Part, Sentence Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  April 18, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bruce K. Hust*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}   Ohio law provides that prison authorities may award eligible offenders one or five days of credit toward the satisfaction of their prison terms for participating in approved prison programs.  R.C. 2967.193.  In this appeal, we are confronted with the question of whether a trial court may, as part of its sentence, limit a defendant's eligibility to earn such credit.  We conclude that it may not.

## I.

{¶2}   Nathaniel Livingston entered agreed pleas of guilty to two counts of aggravated robbery with a gun specification.  Consistent with the plea agreement, the trial court sentenced him to one year of incarceration for the gun specification, followed by concurrent three-year terms for the aggravated robberies, for a total sentence of four years.  The trial court stated on the record that Mr. Livingston would be ineligible for earned credit and other sentence-reduction programs in prison, and inserted the following language into its judgment entry:  "Pursuant to a plea agreement between the parties, the defendant herein is not eligible for risk reduction, intensive prison programs, earned days of credit, transitional control, judicial release, or any other early release program and is to serve this sentence in its entirety."  It is undisputed that Mr. Livingston agreed to these terms as a condition of his four-year sentence.

{¶3}   On appeal, Mr. Livingston contends that the trial court lacked authority to limit his eligibility for earned days of credit under R.C. 2967.193.

## II.

{¶4}   Appellate review of a sentence imposed pursuant to a plea agreement is governed by R.C. 2953.08(D)(1).  That section provides that where the trial court imposes a sentence jointly recommended by the defendant and the state, that sentence

2

is subject to review only if it is not authorized by law. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 14-16. Therefore, we may only review the earned-credit portion of Mr. Livingston's sentence if it is unauthorized by law.

{¶5} The earned-credit program is governed by R.C. 2967.193, which provides that

> a person confined in a state correctional institution may provisionally earn one day or five days of credit * * * toward satisfaction of the person's stated prison term for each completed month during which the person productively participates in an education program, vocational training, employment in prison industries, treatment for substance abuse, or any other constructive program developed by the department [of rehabilitation and correction].

R.C. 2967.193(A)(1).

{¶6} "The General Assembly is vested with the power to define, classify, and prescribe punishment for offenses committed in Ohio." *State v. Taylor*, ___Ohio St.3d___, 2014-Ohio-460, ___N.E.2d___, ¶ 12. "Judges have no inherent power to create sentences. * * * '[T]he only sentence which a trial court may impose is that provided for by statute.' " *Id.* at ¶ 18, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, and *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964). Thus, where a court imposes a sentence that no statute instructs or permits it to impose, that sentence is not authorized by law. *See, e.g., State v. Vaughn*, 7th Dist. Carroll No. 683, 2002-Ohio-5046, ¶ 23-25 (because the sentencing statutes "contain no provision authorizing a trial court to include solitary confinement as part of its sentence," such a sentence is "not authorized by the legislature").

3

{¶7} Under R.C. 2967.193, the department of rehabilitation and correction is charged with determining the amount of credit earned and awarding that credit to the prisoner. Likewise, the statute authorizes the department to deny the prisoner the right to earn credit or withdraw credits previously earned if it determines the prisoner has violated prison rules. While R.C. 2967.193 identifies which offenders are eligible for earned credit based on their crimes of incarceration, it does not provide the judiciary a role in determining that eligibility.

{¶8} When the legislature has meant for the judiciary to have the discretion to deny eligibility for prison programs, it has made its intent clear. Indeed, when establishing other prison programs and forms of early release, the General Assembly has expressly conferred authority upon the judiciary to allow or disallow an offender's participation. For instance, courts have been granted authority to declare a prisoner ineligible for placement in an "intensive program prison." R.C. 5120.032(B)(1)(a) ("If the sentencing court disapproves placement of the prisoner in an intensive program prison, the department shall not place the prisoner in any intensive program prison"). Similarly, trial courts have the power to reduce an offender's nonmandatory prison term through "judicial release." R.C. 2929.20. And the legislature has authorized courts to "disapprove" the transfer of an inmate to a "transitional control" program. R.C. 2967.26.

{¶9} In contrast, there is nothing in R.C. 2967.193 or elsewhere in the law that authorizes a court to limit an offender's ability to earn days of credit. Because the trial court lacked authority to impose the sentence it imposed, we sustain Mr. Livingston's sole assignment of error.

III.

**{¶10}** The portion of the sentence prohibiting Mr. Livingston from earning days of credit in prison was not authorized by law, so we vacate that portion of his sentence and remand this matter to the trial court for the limited purpose of correcting the judgment entry. We affirm the trial court's judgment in all other respects.

Judgment affirmed in part, sentence vacated in part, and cause remanded.

**CUNNINGHAM, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.