[Cite as *State v. Brown*, 2016-Ohio-310.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-130120 |
| | | TRIAL NO. B-1201362 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| MARQUES BROWN, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentence Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal: January 29, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

Office of the Ohio Public Defender, and *Stephen P. Hardwick,* Assistant Public Defender*,* for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

CUNNINGHAM, Presiding Judge.

{¶1} In this reopened appeal, defendant-appellant Marques Brown presents three assignments of error, challenging the trial court's authority to limit his participation in the earned-credits program, the transitional-control program, and the judicial-release program as part of his sentence, which was jointly recommended by the parties. Because we conclude that the trial court may not limit Brown's participation in the earned-credits program as a part of the sentence, even though that condition was agreed upon, we vacate the offending portion of Brown's sentence and remand this matter to the trial court for the limited purpose of correcting the judgment entry.

## Background Facts and Procedure

{¶2} Brown was convicted in January 2013 upon his guilty plea to voluntary manslaughter with a firearm specification. As part of his plea agreement, Brown and the state agreed to a recommended nine-year prison term for the voluntary manslaughter and a three-year prison term for the firearm specification, and that as conditions of this aggregate 12-year term, nine years of which was nonmandatory, Brown would not be eligible for earned days of credit, transitional control, or judicial release, or any other sentence reduction or modification programs in prison.

{¶3} The trial court imposed the jointly-recommended aggregate 12-year sentence and, consistent with the plea agreement, stated on the record that Brown would be ineligible for earned days of credit, transitional control, judicial release, and any other sentence reduction or modification programs in prison, and inserted language to that effect into its judgment entry.

{¶4} Brown unsuccessfully challenged his conviction in a direct appeal to this court. *See State v. Brown*, 1st Dist. Hamilton No. C-130120 (Nov. 5, 2014). But in April 2015, we granted Brown's App.R. 26(B) application to reopen his appeal. We reopened the appeal upon our determination that Brown's appellate counsel had

2

been ineffective in failing to present an assignment of error, based upon *State v. Livington*, 2014-Ohio-1637, 9 N.E.3d 1117 (1st Dist.), challenging the trial court's statutory authority to limit his eligibility to earn days of credit under R.C. 2967.193 as a part of its sentence.

{¶5} Brown advances that assignment of error in his reopened appeal. In addition, he advances two others, challenging the trial court's authority to limit his eligibility for transitional control under R.C. 2967.26, and his eligibility for judicial release under R.C. 2929.20, as a part of its sentence.

### Standard of Review

{¶6} This case involves the review of an agreed-upon sentence as contemplated by R.C. 2953.08(D)(1), because the trial court imposed the sentence with the now challenged conditions after both Brown and the state had recommended it. R.C. 2953.08(D)(1) bars appellate review of a sentence that was jointly recommended by the state and defendant unless the sentence is not "authorized by law." *See Livingston* at ¶ 4, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 14-16.

{¶7} R.C. 2953.08(D)(1) bars appeals that challenge the trial court's discretion in imposing sentence, and sentences that are merely "contrary to law." *Underwood* at ¶ 21-22. Such sentences are protected from appellate review " 'precisely because the parties agreed that the sentence is appropriate.' " *Underwood* at ¶ 27, quoting *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25.

{¶8} But "[j]udges have no inherent power to create sentences," *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 22, cited in *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 12. Therefore, a court may only impose a sentence that is provided for by the legislature—by statute. *Id.* An agreed sentence is not authorized by law, and thus exempt from the restriction of

R.C. 2953.08(D)(1), if "no statute instructs or permits it," *Livingston*, 2014-Ohio-1637, 9 N.E.3d 1117, at ¶ 6, or if it fails to "comport[] with all mandatory sentencing provisions." *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at paragraph two of the syllabus.

{¶9} The issue in this appeal is whether the now challenged but jointly recommended provisions in Brown's sentence were permitted or instructed by statute, and thus, authorized by law.

### Earned-Credits Program

{¶10} Ohio's earned-credits program, governed by R.C. 2967.193, allows eligible offenders as defined by statute to participate in Department of Rehabilitation and Correction ("DRC") programs so that they can earn days of credit "towards satisfaction of their stated prison term." The legislature vested DRC with the authority to deny eligible offenders the right to earn credits. *See* R.C. 2967.193; *Livingston* at ¶ 7. Brown would be eligible for consideration with respect to the prison term imposed for voluntary manslaughter.

{¶11} In *State v. Livingston*, this court recognized that the statutory scheme of R.C. 2967.193 does not provide the trial court with any discretion to determine eligible offenders or to limit an eligible offender's ability to earn days of credit. *Livingston*, 2014-Ohio-1637, 9 N.E.3d 1117 at ¶ 8-10. We held that the trial court's lack of sentencing power over Livingston's participation in the earned-credits program rendered that part of the sentence unauthorized, even though the restriction was part of an agreed sentence. *Id.* at ¶ 9. As a result, we entertained Livingston's challenge and vacated that part of his sentence prohibiting his participation in the earned-credits program. *Id.* at ¶ 9-10.

{¶12} The relevant facts of this case are indistinguishable from those in *Livingston*, and the state concedes that appellate counsel's representation was deficient for failing to raise this issue in Brown's direct appeal. Based upon

4

*Livingston*, we hold that the trial court lacked authority to impose the part of the sentence limiting Brown's ability to earn days of credit, and sustain Brown's first assignment of error.

## Transitional-Control Program

{¶13} The legislature authorized DRC under R.C. 2967.26 to create a transitional-control program for eligible prisoners nearing the end of their prison terms to "closely monitor[]" the prisoners' "adjustment to community supervision." Under this program, DRC selects the eligible offenders for participation. R.C. 2967.26(A)(1). But the trial court has the ultimate control over which eligible offenders participate in the program.

{¶14} Specifically, by statute, DRC must notify the trial court of a prisoner's impending transfer to the program. At that time, the court has full discretion to disapprove the transfer. R.C. 2967.26(A)(2). Thus, unlike with participation in the earned-credits program, the legislature has expressly conferred authority on the judiciary to disallow a prisoner's participation in the transitional-control program.

{¶15} Brown takes issue with the timing of the trial court's disapproval. He contends that the court must wait to disapprove of his participation in the program, which could only occur with respect to his imprisonment for voluntary manslaughter, until it receives a notification from the DRC that he is to be transferred to the program based upon his conduct in prison. He suggests that allowing the trial court to deny transitional control in advance defeats the purpose of the statute. In support, he cites *State v. Spears*, 5th Dist. Licking No. 10-CA-95, 2011-Ohio-1538. That court held that denying transitional control in the sentencing entry "clearly thwarts the design and purpose of the statute," which is "to promote prisoner rehabilitation effort and good behavior while incarcerated." *Id.* at ¶ 37. And Brown claims that no statutory provision specifically authorizes a trial court to deny access to transitional control as a part of the sentence.

5

{¶**16**}  But it is undisputed that the trial court has the statutory authority and wide discretion to disapprove and ultimately block Brown's participation in the program as part of its sentencing powers.   And, unlike the defendant in *Spears*, Brown agreed that he would not be able to participate in this program as a condition of his 12-year prison term.  We conclude that R.C. 2967.26 permits the restriction as part of the sentence under these circumstances.  We hold, therefore, that this part of Brown's sentence was authorized by law.   Accordingly, we overrule the second assignment of error.

### Judicial Release

{¶**17**}  R.C. 2929.20 permits the trial court to "reduce" the "stated prison term" of an "eligible offender" through judicial release.  If judicial release is granted, the court "shall order the release of the []offender," "shall place the []offender under an appropriate community control sanction" and shall reserve the right to reimpose the reduced sentence if the offender violates the conditions of community control. R.C. 2929.20(K).  Although eligibility for judicial release in the first instance is set by statute, *see* R.C. 2929.20(A), the trial court determines which eligible offenders may have their stated prison terms modified.  *See* R.C. 2929.20(B).

{¶**18**}  Brown contends that he would have been eligible for judicial release at some point during his incarceration based on the statutory requirements, and notes that R.C. 2929.20 grants the court the authority to deny judicial release only after a motion has been filed.  He argues, therefore, that his sentence was unauthorized by law because the trial court declared him ineligible for judicial release as a part of its sentence, before he had an opportunity to prove the appropriateness of judicial release.

{¶**19**}   As recognized by Brown, however, the legislature has vested the trial court by statute with the authority to deny Brown judicial release.  Thus, we hold that the trial court has sentencing powers with respect to judicial release, like with

transitional control, but unlike with earned days of credit. In addition, Brown agreed that he would not be eligible to partake in judicial release as a condition of his 12-year prison term. Given the trial court's authority and broad discretion in this area, we conclude that R.C. 2929.20 permits the restriction as part of the sentence under these circumstances. We hold, therefore, that this portion of the sentence was authorized by law. Accordingly, we overrule the third assignment of error.

### Conclusion

{¶20} The portion of the sentence prohibiting Brown from earning days of credit in prison was not authorized by law, and appellate counsel was deficient for not raising this issue in Brown's direct appeal. To remedy the defect in Brown's sentence, we apply the remedy set forth in *Livingston*, 2014-Ohio-1637, 9 N.E.3d 1117 at ¶ 10. Thus, we vacate that portion of Brown's sentence and remand this matter to the trial court for the limited purpose of correcting the judgment. The trial court's judgment is affirmed in all other respects.

Affirmed in part, sentence vacated in part, and cause remanded.

**FISCHER** and **DEWINE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

7