[Cite as *State v. Williams*, 2016-Ohio-376.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150320 |
| | | TRIAL NO. B-1403896 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| FONTE WILLIAMS, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  February 5, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher*, *William R. Gallagher* and *Elizabeth Conkin*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**MOCK, Judge.**

{¶1} Defendant-appellant Fonte Williams was originally charged with one count of aggravated murder, one count of murder, and two counts of felonious assault, all with accompanying firearm specifications. He pleaded guilty to one count of a reduced charge of involuntary manslaughter under R.C. 2903.04(A), with one accompanying firearm specification, and one count of felonious assault under R.C. 2903.11(A)(2). The trial court dismissed the two remaining charges and all other firearm specifications.

{¶2} Under the terms of an agreed sentence, the trial court sentenced Williams to 11 years' imprisonment on the involuntary manslaughter count, plus three years for the firearm specification. It also sentenced him to eight years' imprisonment on the felonious-assault count. The court ordered that all of the sentences be served consecutively, for a total of 22 years. This appeal followed.

{¶3} In his sole assignment of error, Williams contends that the trial court committed plain error in ordering him to serve the sentences for the two offenses consecutively. He argues that the two offenses were allied offenses of similar import that should have been merged for sentencing.

{¶4} Under R.C. 2953.08(D), a sentence that has been recommended jointly by the defendant and the prosecution and imposed by a sentencing judge is not subject to appellate review if it is authorized by law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16; *State v. Livingston*, 2014-Ohio-1637, 9 N.E.3d 1117, ¶ 4 (1st Dist.). A sentence is authorized by law and is not appealable only if it comports with all mandatory sentencing provisions. *Underwood* at paragraph two of the syllabus.

{¶5} In *Underwood*, the Ohio Supreme Court also held that when a sentence is imposed for multiple convictions on offenses that are allied offenses of similar import, R.C. 2953.08(D)(1) does not bar appellate review of the sentence even though it was jointly recommended by the parties and imposed by the court. *Id.* at paragraph one of the syllabus. But the court set forth an exception to that general rule. It stated, "nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence." *Id.* at ¶ 29.

{¶6} The Ohio Supreme Court later reiterated that statement. In *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, the court discussed the difference between waiver and forfeiture. It defined "waiver" as "an intentional relinquishment or abandonment of a known right." It then stated, "It is possible for an accused to expressly waive the protection afforded by R.C. 2941.25 such as 'by stipulating in the plea agreement that the offenses were committed with separate animus.' " *Id.* at ¶ 20, quoting *Underwood* at ¶ 29.

{¶7} Further, other appellate districts have held that by stipulating that two or more offenses were committed separately or with a separate animus, the defendant waived the allied-offense issue. Therefore, the sentences in those cases were not contrary to law. *See State v. Lung*, 12th Dist. Clermont No. CA2014-12-081, 2015-Ohio-3833, ¶ 11-12; *State v. Booker*, 8th Dist. Cuyahoga No. 101886, 2015-Ohio-2515, ¶ 17-19; *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 11-16; *State v. Bryant*, 5th Dist. Richland No. 14CA23, 2014-Ohio-4661, ¶ 8-13.

{¶8}   After some discussion, Williams ultimately agreed that the offenses were committed with a separate animus. While describing the terms of the plea agreement, the prosecutor told the court that "the Defendant is agreeing that, in fact, these two crimes were created [sic] with a separate animus, as a result they are not allied offenses of similar import, and he's agreeing that they should not be merged but rather he can be sentenced consecutively on those counts." Williams's counsel, responded that "[w]e're in agreement." He further stated, "Judge, he wants to proceed. We have a plea agreement, an agreed plea, and we ask the Court to accept that and proceed with sentencing."

{¶9}   The parties clearly included consecutive sentences as part of the plea agreement, which benefited Williams because the state dismissed two of the charges against him, as well as several firearm specifications, and reduced the most serious charge against him to a lesser offense. The agreement falls squarely within the exception set forth by the Ohio Supreme Court in *Underwood,* and we hold that Williams waived the allied-offense issue.

{¶10}   Williams argues that the state conceded that the plea agreement could be vacated if a higher court found that the two offenses did not arise out of a separate animus and should not have been merged. Essentially, he is arguing that he did not waive his right to appeal the sentence. The record does not support this assertion. Williams specifically agreed that the two offenses were committed with a separate animus. In discussing the agreement, the state added that "he's agreeing that if for some reason a higher court were to determine that that was not correct, that it was remanded, we can simply proceed on the original indictment." This statement simply clarified what the agreement was, but as an agreed plea, it did not render the sentence appealable.

**{¶11}** Because the sentences comported with all mandatory-sentencing provisions, they were authorized by law. Consequently, this court is without jurisdiction to review the sentences. *See State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 22; *State v. Tisdale*, 11th Dist. Trumbull No. 2007-T-0122, 2008-Ohio-5452, ¶ 11-12; *State v. Knisely*, 3d Dist. Hancock No. 5-07-37, 2008-Ohio-2255, ¶ 12; *State v. Simmons*, 1st Dist. Hamilton No. C-050817, 2006-Ohio-5760, ¶ 5. Because Williams only challenges his sentences, and not the guilty findings, we dismiss the appeal.

Appeal dismissed.

**FISCHER, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

The court has recorded its own entry this date.