[Cite as *State v. Thomas*, 2016-Ohio-5057.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-33 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-065 |
| | : | |
| KEVIN L. THOMAS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of July, 2016.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

PAUL WAGNER, Atty. Reg. No. 0067647, 111 North Bridge Street, P.O. Box 315, Gettysburg, Ohio 45328
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Kevin L. Thomas, appeals from his conviction and sentence in the Champaign County Court of Common Pleas following a negotiated guilty plea to charges of attempting to corrupt another with drugs and possessing a controlled substance. Thomas contends the aforementioned offenses are allied offenses of similar import that should have been merged at sentencing. For the reasons outlined below, we do not find that the trial court erred in failing to merge Thomas's offenses; therefore, the judgment of the trial court will be affirmed.

{¶ 2} On July 14, 2015, Thomas entered into a plea agreement in which he agreed to plead guilty to one count of attempting to corrupt another with drugs in violation of R.C. 2925.02(A)(4)(a) and R.C. 2923.02, and one count of possessing a controlled substance, Xanax, in violation of R.C. 2925.11(A),(C)(2)(a). As part of the plea agreement, Thomas stipulated that the offenses were not allied offenses of similar import.

{¶ 3} The allied-offense stipulation was recorded in a written plea agreement that was signed by both Thomas and his trial counsel. The written plea agreement specifically stated that "Defendant agrees and stipulates that (amended) Count One and Count Three are not allied offenses of similar import." Plea of Guilty Agreement and Entry (July 14, 2015), Champaign County Court of Common Pleas Case No. 2015 CR 065, Docket No. 38, p. 3.

{¶ 4} The stipulation was also discussed by the parties at the plea and sentencing hearings. At the plea hearing, the State recited the stipulation on the record and Thomas indicated that he understood the stipulation and specifically agreed that his offenses were not allied offenses of similar import. At the sentencing hearing, Thomas's trial counsel

confirmed that the defense had agreed to the allied-offense stipulation and that they were going to "stick by [their] agreement."   Sentencing Hearing Trans. (Aug. 24, 2015), p. 17.

{¶ 5} Based on the stipulation, the trial court found that Thomas's offenses were not allied offenses of similar import.   The trial court then imposed an 18-month prison term, $5,000 fine, and 6-month driver's license suspension for the count of attempting to corrupt another with drugs, as well as a concurrent 8-month prison term, $250 fine, and 6-month driver's license suspension for the count of possessing a controlled substance. Accordingly, Thomas's total sentence included 18 months in prison, a $5,000 fine, and a 6-month driver's license suspension, plus court costs.

{¶ 6} Thomas now appeals from his conviction and sentence, raising the following single assignment of error for our review.

DEFENDANT COULD NOT BE CONVICTED OF BOTH POSSESSION AND ATTEMPTED CORRUPTING OF ANOTHER WITH DRUGS BECAUSE THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶ 7} Under his sole assignment of error, Thomas contends that his offenses are allied offenses of similar import that should have been merged at sentencing.   In response, the State contends that the trial court was not required to merge Thomas's offenses since the parties stipulated that the offenses were not allied offenses of similar import.   We agree with the State.

{¶ 8} "It is well established that there may be only one conviction for allied offenses of similar import, and thus, allied offenses must be merged at sentencing." (Citations omitted.)   *State v. Donaldson*, 2d Dist. Montgomery No. 24911, 2012-Ohio-5792, ¶ 23. Specifically, Ohio's allied offense statute, R.C. 2941.25, provides that:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 9} In *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, the Supreme Court of Ohio held that when a sentence is imposed on multiple counts that are allied offenses of similar import in violation of R.C. 2941.25(A), appellate review of that sentence is not precluded even though it was jointly recommended by the parties and imposed by the court, as such a sentence is unauthorized by law. *Id*. at ¶ 26. In response to the State's argument that merging allied offenses under such circumstances would allow defendants to manipulate plea agreements, the court in *Underwood* also observed that:

With respect to the argument that the merger of allied offenses will allow defendants to manipulate plea agreements for a more beneficial result than they bargained for, *nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence.* When the plea agreement is silent on

the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense.

(Emphasis added.) *Id.* at ¶ 29.

{¶ 10} We applied the aforementioned principles from *Underwood* to *Donaldson*, a case in which the parties entered into a plea agreement and expressly stipulated that the defendant's involuntary manslaughter charge was committed with a separate animus and was not an allied offense to a previous charge of attempted murder. *Donaldson* at ¶ 25. After determining that the defendant understood the stipulation, we held that "[t]his is precisely the type of factual stipulation that the court in *Underwood* acknowledged as a means of addressing a defendant's potential 'manipulation' of a plea agreement for a 'more beneficial result' where allied offenses are involved." *Id.* As a result, we held that the trial court did not err in failing to merge the convictions for attempted murder and involuntary manslaughter. *Id.* *Accord State v. Williams*, 1st Dist. Hamilton No. C-150320, 2016-Ohio-376, ¶ 8-9 (finding that defendant's plea agreement "[fell] squarely within the exception set forth by the Ohio Supreme Court in *Underwood*," because defendant agreed that his offenses were committed with a separate animus and were not allied offenses of similar import); *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17, 4-14-18, 2015-Ohio-926, ¶ 16 (finding that "since the parties stipulated that the offenses were committed with a separate animus and are not allied offenses of similar import, the trial court was under no obligation to determine whether the offenses were allied pursuant to R.C. 2941.25").

{¶ 11} Approximately three years after our decision in *Donaldson*, the Supreme

Court of Ohio confirmed in *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, that "[i]t is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, *such as by 'stipulating in the plea agreement that the offenses were committed with separate animus.'* " (Emphasis added.) *Id.* at ¶ 20, citing *Underwood* at ¶ 29. In interpreting the aforementioned language from *Rogers*, the Eighth Appellate District recently held that "the Ohio Supreme Court observed that such a stipulation is simply one means by which a defendant may 'waive the protection afforded by R.C. 2941.25[.]' " *State v. Black*, 2016-Ohio-383, ___N.E.3d___, ¶ 16 (8th Dist.) In so holding, the Eight District concluded that a plea agreement need not specifically stipulate to there being a separate animus in order to effectively waive the allied offense issue. *Id.* at ¶ 16-18.

{¶ 12} The court in *Black* explained that:

Although there is nothing in the record to suggest that the parties specifically "stipulat[ed] in the plea agreement that the offenses were committed with separate animus," the transcripts from the plea and sentencing hearings not only reflect that Black knowingly, intelligently and voluntarily agreed to the sentence that was imposed by the trial court but also that he expressly agreed through defense counsel (1) that the felonious assault and domestic violence counts "would not merge for the purpose of sentencing" and (2) that consecutive sentences would be imposed for these offenses.

This court has previously held that where the transcript demonstrates that the state and defense counsel agreed that offenses were not allied, the

issue of allied offenses is waived. * * * In this case, the transcript clearly shows that defense counsel agreed that the offenses were not allied offenses and would not merge for sentencing. Therefore, Black waived the allied offense issue.

*Black* at ¶ 17-18.

{¶ 13} Furthermore, in *State v. Torres*, 8th Dist. Cuyahoga No. 100106, 2014-Ohio-1622, the Eighth District held that a stipulation in a plea agreement providing "that the offenses to which [the defendant is] about to plead guilty are non-allied offenses" was sufficient to relieve the trial court of its obligation to determine whether the offenses were allied offenses. *Id.* at ¶ 7, 11. Similarly, in *State v. Recob*, 8th Dist. Cuyahoga No. 100012, 2014-Ohio-929, the Eighth District held that the trial court did not err in failing to merge the defendant's offenses at sentencing because the defendant stipulated that the offenses to which he was pleading guilty were not allied offenses of similar import and indicated that he understood the court could impose consecutive sentences. ¶ 3, 11.

{¶ 14} In the instant case, the record of the plea and sentencing hearings, as well as the written plea agreement, clearly establish that Thomas stipulated his offenses were not allied offenses of similar import. The record also indicates that Thomas advised the trial court that he understood the stipulation. Moreover, prior to Thomas entering his guilty plea, the trial court advised him of the maximum sentence he could receive for each of his offenses, noting that consecutive sentences could be imposed and would amount to a total maximum prison term of 48 months. Thomas thereafter indicated he understood the maximum possible sentence. Therefore, in light of the trial court's advisements at the plea hearing, Thomas was, at the very least, indirectly made aware

of the fact that his offenses would not merge at sentencing.

{¶ 15} Under the circumstances of this case, we find that pursuant to *Underwood* and its progeny, the trial court did not err in finding that Thomas's offenses were not allied offenses of similar import, as the trial court's decision was based on the stipulation in the plea agreement, which Thomas indicated he understood. Accordingly, Thomas's sole assignment of error is overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, J. and FROELICH, J., concur.

Copies mailed to:

Jane A. Napier
Paul Wagner
Hon. Nick A. Selvaggio