[Cite as *State v. Foster*, 2017-Ohio-9318.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160337 | |
| | | TRIAL NO. B-0408159A | |
| Plaintiff-Appellee, | : | | |
| vs. | : | *O P I N I O N.* | |
| DAVID FOSTER, | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified, and Cause Remanded

Date of Judgment Entry on Appeal:  December 29, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins* and *Michael K. Allen*, for Defendant-Appellant.

Per Curiam.

{¶1}   Defendant-appellant David Foster appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion to Vacate, Set-Aside, and Resentence Due to Void Judgment."  We affirm the court's judgment as modified, but remand for correction of the sentencing entry.

{¶2}   Foster was convicted in 2005 of conspiracy, drug possession, and drug trafficking.  In his direct appeal, we vacated his sentences and remanded for resentencing in light of the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.  *State v. Foster*, 1st Dist. Hamilton No. C-050378, 2006-Ohio-1567, *appeal not accepted*, 110 Ohio St.3d 1439, 2006-Ohio-3862, 852 N.E.2d 188.  Then, in his appeal from his 2006 resentencing, we vacated his sentences and remanded for merger consistent with R.C. 2941.25.  *State v. Foster*, 1st Dist. Hamilton No. C-060720 (June 27, 2007), *aff'd*, 118 Ohio St.3d 265, 2008-Ohio-2542, 888 N.E.2d 411.  The trial court resentenced Foster on September 4, 2008, merging the possession and conspiracy charges into the trafficking charge and imposing consecutive prison terms of ten years for trafficking and seven years for the major-drug-offender specification accompanying that charge. We affirmed that conviction on appeal.  *State v. Foster*, 1st Dist. Hamilton No. C-080929 (Aug. 8, 2009), *appeal not accepted*, 123 Ohio St.3d 1511, 2009-Ohio-6210, 917 N.E.2d 812.

{¶3}   Foster unsuccessfully challenged his trafficking conviction in postconviction motions filed with the common pleas court in 2006, 2007, 2013, and 2015. *See State v. Foster*, 1st Dist. Hamilton No. C-130369 (Feb. 26, 2014), *appeals not accepted*, 139 Ohio St.3d 1419, 2014-Ohio-2487, 10 N.E.3d 738; *State v. Foster*, 1st Dist. Hamilton No. C-070518 (June 11, 2008), *appeal not accepted*, 119 Ohio St.3d 1488, 2008-Ohio-5273, 894 N.E.2d 1245; *State v. Foster*, 1st Dist. Hamilton Nos. C-060065 and C-060121 (Jan. 10, 2007).  In this appeal from the overruling of his 2015

"Motion to Vacate, Set-Aside, and Resentence Due to Void Judgment," he advances two assignments of error.

### Early-Release Exclusions

{¶4}    In his first assignment of error, Foster contends that the common pleas court erred in failing to afford him the relief sought in his motion.  The assignment of error is well taken in part.

{¶5}    In his motion, Foster sought correction of that part of the 2008 judgment of conviction that stated that he was "not eligible for intensive prison program, transitional control, judicial release, or any other early release program and is to serve this sentence in its entirety."  He argued that those portions of his sentence were void, because the trial court was not authorized by law to effectively "require him to serve * * * as if it were a mandatory sentence" the seven-year prison term imposed for the major-drug-offender specification, because the court, prematurely and without findings, disapproved transitional control, and because the court acted without statutory authority when it effectively excluded him from eligibility for any present or future early-release program, such as the earned-days-of-credit program under R.C. 2967.193, by expressly declaring him "not eligible" for early release and by ordering him "to serve his prison sentence in its entirety."

{¶6}    *Judgment of conviction not correctable under any statute or criminal rule.*  Foster did not specify in his postconviction motion a statute or rule under which the relief sought might have been afforded, leaving the common pleas court free to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged."  *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.  But the motion was not reviewable under the standards provided by R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, when the motion alleged statutory, rather than constitutional, violations.  *See* R.C. 2953.21(A)(1).  The motion was not reviewable under Crim.R. 32.1, as a motion to withdraw a guilty plea,

or under Crim.R. 33, as a motion for a new trial, when Foster had been convicted of trafficking following a jury trial, and the motion sought resentencing rather than a new trial. Nor was the motion reviewable under R.C. Chapter 2731 as a petition for a writ of mandamus, under R.C. Chapter 2721 as a declaratory judgment action, or under R.C. Chapter 2725 as a petition for a writ of habeas corpus, when the motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A), and 2725.04. And Crim.R. 57(B) did not require the common pleas court to review pursuant to the procedures provided under Civ.R. 60(B) the challenges advanced in the motion, because Foster's judgment of conviction had been reviewable under the procedures provided for a direct appeal. *See State v. Smith*, 1st Dist. Hamilton Nos. C-150445 and C-150446, 2016-Ohio-3521, ¶ 19. Accordingly, the postconviction statutes and rules did not confer upon the common pleas court jurisdiction to entertain the challenges advanced in Foster's motion.

{¶7} *Jurisdiction to correct void portions of the judgment of conviction.* But a court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. And we conclude that the common pleas court had jurisdiction to correct as void that portion of Foster's judgment of conviction that excluded him from "any * * * early release program" and ordered him "to serve his prison sentence in its entirety."

{¶8} In *State v. Livingston*, 2014-Ohio-1637, 9 N.E.3d 1117 (1st Dist.), the trial court had included the following language in the judgment of conviction entered upon Livingston's guilty plea to voluntary manslaughter: "Pursuant to a plea agreement between the parties, the defendant herein is not eligible for risk reduction, intensive prison programs, earned days of credit, transitional control, judicial release, or any other early release program and is to serve this sentence in its entirety." *Id.* at ¶ 2. In his direct appeal, Livingston argued that the trial court had lacked the authority to limit his eligibility to earn credit against his prison term

4

under R.C. 2967.193 for participating in approved prison programs. *Livingston* at ¶ 3. Because the earned-credit statute identified eligible offenders and conferred upon the department of rehabilitation and correction, not the trial court, the authority to determine and award the credit, we concluded that that portion of Livingston's sentence declaring him ineligible for earned days of credit was not authorized by law and was thus subject to review on direct appeal. *Id.* at ¶ 4-7, citing R.C. 2953.08(D)(1). And we vacated and remanded for correction that portion of his sentence. *Id.* at ¶ 10.

{¶9} Our holding in *Livingston* was based on principles, recently reaffirmed by the Ohio Supreme Court in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, that the Ohio General Assembly is vested with the power to define criminal offenses and prescribe punishment, and that the only sentence that a trial court may impose is that authorized by statute. *Id.* at ¶ 20 and 22, citing *Colegrove v. Burns,* 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964), and *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 21-22. *See Livingston* at ¶ 6. The court in *Williams* also reaffirmed principles pertinent to our review here of Foster's collateral attacks on his sentence, that a sentence that is not authorized by statute is void and thus reviewable at any time, but a sentence imposed by a trial court with jurisdiction and the statutory authority to act is not rendered void by an error in imposing the sentence and may only be challenged on direct appeal. *Williams* at ¶ 20-23, citing *State v. Beasley,* 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984), *Fischer* at ¶ 6-7, 21–23 and 30, and *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28.

{¶10} In *Livingston*, we noted for purposes of contrast that while the General Assembly had provided no role for the judiciary in determining eligibility for earned credit under R.C. 2967.193, it had expressly conferred upon trial courts the authority under R.C. 5120.032(B)(1)(a) to determine eligibility for placement in an intensive prison program and under R.C. 2967.26 to disapprove a transfer into a transitional

control program. *Livingston* at ¶ 7-9. For those same reasons, in the reopened appeal in *State v. Brown*, 1st Dist. Hamilton No. C-130120, 2016-Ohio-310, we sustained an assignment of error challenging the trial court's authority to include in Brown's judgment of conviction an earned-credit restriction, but overruled assignments of error challenging restrictions on his eligibility for transitional control and judicial release. *Brown* at ¶ 13-19. We further note that the version of R.C. 2925.03(C)(6)(g) effective in 2008, when Foster was resentenced, conferred upon the trial court the discretion to impose "an additional mandatory prison term" for Foster's major-drug-offender specification. Because the trial court was authorized by statute to impose upon Foster the seven-year prison term for the major-drug-offender specification and to restrict his eligibility for the intensive prison program, transitional control, and judicial release, those portions of his sentence were not void, and the common pleas court had no jurisdiction to entertain the collateral challenges to them presented in his 2016 motion.

{¶11} But the trial court had no statutory authority to declare Foster "not eligible for * * * any other early release program" or to order that he "serve [his] sentence in its entirety." Those parts of his sentence were, therefore, void, and the common pleas court had jurisdiction to review and correct them.

{¶12} Accordingly, we sustain in part the first assignment of error.

### Merger

{¶13} In his second assignment of error, Foster asserts that the 2008 judgment of conviction entered on remand from our 2007 decision in *Foster*, 1st Dist. Hamilton No. C-060720, is void, because the trial court failed to "clearly indicat[e] which counts were merged as allied offenses of similar import, on which count [Foster] is serving a sentence, and that [he] only has a single conviction." We have no jurisdiction to entertain this challenge in this appeal from the overruling of Foster's 2015 motion, because he did not present this challenge in that motion. *See State v.*

6

*Gipson*, 1st Dist. Hamilton Nos. C-960867 and C-960881, 1997 WL 598397 (Sept. 26, 1997).

{¶14} Nor was that portion of the 2008 judgment demonstrably void. The judgment plainly shows that the trial court, pursuant to our order on remand, merged the possession and conspiracy charges into the trafficking charge and sentenced Foster for trafficking only, along with that offense's major-drug-offender specification. We said as much in our 2009 decision in Foster's direct appeal, affirming the 2008 judgment of conviction. *See Foster*, 1st Dist. Hamilton No. C-080929.

{¶15} This court does not have, nor did the common pleas court have, jurisdiction to entertain Foster's merger challenge to the judgment of conviction. Accordingly, we overrule the second assignment of error.

### *Affirmed as Modified, but Remanded*

{¶16}   Because Foster's sentence was not correctable under any criminal rule or statutory procedure, his 2015 "Motion to Vacate, Set-Aside, and Resentence Due to Void Judgment" was subject to dismissal. Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed from to reflect the dismissal of the motion. And we affirm the judgment as modified.

{¶17} But the common pleas court had jurisdiction to correct those unauthorized portions of his sentence declaring that he was "not eligible for * * * any other early release program" and ordering that he "serve [his] sentence in its entirety." We, therefore, remand this cause for correction of the offending portions of the sentencing entry, in accordance with the law and this opinion.

Judgment accordingly.

**CUNNINGHAM, P.J., MYERS** and **MILLER, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.