[Cite as *State v. McQueen*, 2025-Ohio-1123.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-07-087 |
| | : | O P I N I O N |
| - vs - | | 3/31/2025 |
| | : | |
| LUCAS W. McQUEEN, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2024-01-0057


Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Engel & Martin, LLC, and Joshua A. Engel, for appellant.


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Lucas W. McQueen, appeals from the sentence he received in the Butler County Court of Common Pleas following his guilty plea to strangulation and abduction. For the reasons discussed below, we affirm his sentence.

{¶ 2} On February 21, 2024, appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; one count of

strangulation in violation of R.C. 2903.18(B)(2), a felony of the third degree; one count of abduction in violation of R.C. 2905.02(A)(2), a felony of the third degree; and one count of resisting arrest in violation of R.C. 2921.33(A), a misdemeanor of the second degree. The charges arose out of an incident that occurred on January 6, 2024 between appellant and his girlfriend, M.P., in appellant's sister's apartment in Hamilton, Butler County, Ohio. On this date, appellant held M.P. captive in a bedroom for an extended period of time during which he intermittently beat and choked her.

{¶ 3} On May 20, 2024, following plea negotiations, appellant agreed to plead guilty to strangulation and abduction in exchange for the remaining charges being dismissed. The trial court engaged appellant in a Crim.R. 11(C) plea colloquy. At the conclusion of the colloquy, appellant pled guilty to the offenses after the state's recitation of the following facts:

> [Prosecutor]: With regard to count II, strangulation, the State's prepared to prove, beyond a reasonable doubt, this defendant now before the Court, Lucas McQueen, on or about January 6, 2024, at . . . Edison Avenue, apartment 2, in the city of Hamilton, here in Butler County, Ohio, he did knowingly create a substantial risk of serious physical harm to another by means of strangulation in that he did strike his girlfriend. . . in the face, and choked her, which caused bruising on her neck and broke her jaw, constituting the offense of strangulation, a third degree felony, in violation of section 2903.18(B)(2) of the Ohio Revised Code.
>
> With regard to count III, abduction, this defendant also, on or about January 6, 2024, at . . . Edison Avenue, apartment 2, city of Hamilton, here in Butler County, Ohio, without privilege to do so, knowingly, by force or threat, restrained the liberty of another person under circumstances which created a risk of physical harm to the victim or placed her in fear. And that is commiserate with the assault and strangulation. He also refused to allow his girlfriend. . . from the bedroom, which also constitutes the offense of abduction, a third-degree felony, in violation of section 2905.02(A)(2) of the Ohio Revised Code.

The trial court accepted appellant's plea and found him guilty. The court ordered a

presentence-investigative report (PSI) and scheduled sentencing for June 17, 2024.

{¶ 4} At the sentencing hearing, the court heard from defense counsel, appellant, and the state. The court indicated that it had received and reviewed the PSI and a "very lengthy victim impact statement from the victim in the case," which was an "eight page, single typed—single spaced, typed victim impact statement." After referencing appellant's criminal history, which included a prior conviction for a felony offense of violence, the court focused on the serious nature of the offenses committed against M.P. and the serious harm she suffered at appellant's hands. The court noted that in addition to suffering fractured ribs, M.P.'s lower jawbone had been shattered on one side and fractured on the other side, she suffered a corneal abrasion to her right eye, had to have metal plates or bars put in her jaw, and required facial reconstruction surgery. The court opined, "I have zero doubt in my mind that were it not for some intervention, you would have killed this woman." The court determined that a prison sentence, rather than a community control sanction, was warranted. Defense counsel argued that the strangulation and abduction offenses were allied, but the trial court found that the offenses did not merge. The court imposed 36-month prison terms on each offense and ran them consecutively to one another, for an aggregate six-year prison term.

{¶ 5} Appellant appealed his sentence, raising the following as his sole assignment of error:

{¶ 6} THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPOSING SEPARATE SENTENCES FOR THE ALLIED OFFENSES IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE 5TH AMENDMENT TO THE CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 7} Appellant argues the trial court erred by failing to merge his convictions for strangulation and abduction as allied offenses of similar import. Appellant maintains that

the offenses merge as "there is not separate identifiable harm created by the two separate offenses" and the abduction offense was merely incidental to the strangulation offense. In response to appellant's arguments, the state argues appellant waived his right to challenge merger of the offenses by entering into a plea agreement and by "not objecting" during plea proceedings when the trial court advised appellant that he could face consecutive sentences. The state further argues our review of whether the offenses should have been merged as allied offenses is limited to plain error, as defense counsel only made a "perfunctory argument" that the offenses were allied.

{¶ 8}   As an initial matter, we find that appellant did not waive his right to make an allied offense argument by entering a guilty plea to the charges of abduction and strangulation. "'When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior to the entry of the guilty plea.*'" (Emphasis added.) *State v. Spates*, 64 Ohio St.3d 269, 272 (1992), quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The issue of merger of allied offenses did not occur *prior to* the entry of the guilty plea. Neither the written plea agreement nor the plea proceedings addressed the issue of merger.

{¶ 9}   The fact that appellant "did not object" to the trial court's advisement during plea proceedings that he faced possible consecutive prison terms for the abduction and strangulation offenses does not equate to appellant waiving his allied offense argument. Whether offenses are allied is a sentencing issue. *See* R.C. 2941.25 and *State v. Williams*, 2016-Ohio-7658, ¶ 17 (noting that a "conviction" consists of a guilty verdict *and* the imposition of a sentence or penalty and R.C. 2941.25[A]'s mandate that a defendant may only be "convicted" of one allied offense is "a protection against multiple sentences rather than convictions"). The cases relied on by the state in support of its waiver

argument, *State v. Thomas*, 2016-Ohio-5057 (2d Dist.) and *State v. Conner*, 2023-Ohio-3485 (8th Dist.), are distinguishable from the facts in the present case. In both *Thomas* and *Conner*, the defendants agreed as part of their respective plea agreements that certain offenses they were pleading guilty to were not allied offenses of similar import. *Thomas* at ¶ 2-3; *Conner* at ¶ 7. In *Thomas*, the stipulation was recorded in the written plea agreement signed by the parties and was also discussed by the parties at the plea and sentencing hearings. *Thomas* at ¶ 3-4. In *Conner*, the state and defense counsel specifically agreed on the record that "part and parcel of this plea agreement" was that the offenses of involuntary manslaughter and felonious assault did not merge for purposes of sentencing. *Conner* at ¶ 7. Unlike in *Thomas* and *Conner*, the plea agreement in the present case did not include a stipulation that the abduction and strangulation offenses would not merge. Neither the written plea agreement nor the parties' statements during the plea hearing indicated they had reached an agreement on merger of allied offenses.

{¶ 10} Statements made by the trial court and the parties at the sentencing hearing further indicate there had not been a stipulation regarding merger of the offenses. During sentencing, the trial court inquired about the issue of merger and defense counsel asserted that the offenses were allied offenses.[1] Notably, the prosecutor did not interject

---

1. At sentencing, the following discussion occurred regarding the issue of merger:

> THE COURT: And [defense counsel], you've not mentioned any issues about merger for allied offenses. I will go ahead on the record, state that these would not be allied offenses. Obviously, you could have one without the other. I don't know if – [defense counsel], if you wish to preserve any type of argument otherwise or - -
>
> [Defense Counsel]: Just for the record, I'd argue that they would be allied offenses, Your Honor.
>
> THE COURT: Yeah. So denying your argument, I'm finding that they are not allied offenses.

that there had been an agreement that the offenses would not merge. Accordingly, we do not find that appellant waived his right to challenge whether the offenses were allied offenses subject to merger.

{¶ 11} We further find, contrary to the state's contentions, that the appropriate standard of review for appellant's allied offense argument is de novo, rather than plain error. "Where a defendant fails to raise the issue of allied offenses of similar import in the trial court, the accused 'forfeits all but plain error, and the forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.'" *State v. Flack*, 2024-Ohio-4622, ¶ 39, quoting *State v. Rogers*, 2015-Ohio-2459, ¶ 3. However, where a party has raised the issue of merger of allied offenses with the trial court, the question is one of law that appellate courts review de novo. *State v. Williams*, 2012-Ohio-5699, ¶ 28. As appellant raised the issue of merger with the trial court, de novo review is appropriate.

{¶ 12} "Pursuant to R.C. 2941.25, Ohio's allied-offenses statute, the imposition of multiple punishments for the same criminal conduct is prohibited." *State v. Flack*, 2024-Ohio-4622, ¶ 40 (12th Dist.). R.C. 2941.25 states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 13} In determining whether offenses are allied and should be merged for sentencing, courts are instructed to consider three separate factors—the conduct, the

animus, and the import. *State v. Ruff*, 2015-Ohio-995, paragraph one of the syllabus. Offenses do not merge and a defendant may be convicted and sentenced for multiple offenses if *any* of the following are true: (1) the offenses are dissimilar in import or significance, (2) the conduct shows that the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation. *Id.* at ¶ 25. Two or more offenses of dissimilar import exist "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶ 14} As the Ohio Supreme Court has recognized, application of the allied offense test "'may result in varying results for the same set of offenses in different cases. But different results are permissible, given that the statute instructs courts to examine a defendant's conduct—an inherently subjective determination.'" *Id*. at ¶ 32, quoting *State v. Johnson*, 2010-Ohio-6314, ¶ 52.

{¶ 15} "The defendant bears the burden of establishing his entitlement to the protection provided by R.C. 2941.25 against multiple punishments for a single criminal act." *State v. Lewis*, 2012-Ohio-885, ¶ 14 (12th Dist.). "A court will look to the information contained in the record to make its allied offense determination, including the indictment, bill of particulars, and the presentence investigation report." *State v. Campbell*, 2015-Ohio-1409, ¶ 18 (12th Dist.), citing *State v. Tannreuther*, 2014-Ohio-74, ¶ 16 (12th Dist.).

{¶ 16} Appellant was convicted of strangulation in violation of R.C. 2903.18(B)(2), which provides that "[n]o person shall knowingly . . . [c]reate a substantial risk of serious physical harm to another by means of strangulation or suffocation." He was also convicted of abduction in violation of R.C. 2905.02(A)(2), which provides that "[n]o person, without privilege to do so, shall knowingly . . . [b]y force or threat of force, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or

place the other person in fear."

{¶ 17} Utilizing the information set forth in the record, which includes the indictment, bill of particulars, the state's recitation of facts from the plea proceeding, the PSI, and the victim-impact statement, we find that the offenses of abduction and strangulation do not merge. Though the offenses occurred close in time to one another, they were committed separately. As this court has previously recognized, "if one offense is completed before the other begins, the offenses are considered separately for sentencing purposes even though the two offenses may have been committed in close proximity in time." *State v. Fields*, 2015-Ohio-1345, ¶ 18 (12th Dist.), citing *State v. Lane*, 2014-Ohio-562, ¶ 16 (12th Dist.).

{¶ 18} Taken together, the indictment, bill of particulars, state's recitation of facts, PSI, and victim-impact statement indicate that on January 6, 2024, appellant and M.P. were living together in his sister's apartment. Appellant held M.P. captive in their bedroom, refusing to let her leave the room. When M.P. tried to leave, he punched and kicked her. Appellant's sister gained entry into the bedroom and tried to intervene in the altercation. Appellant forced his sister out of the room and engaged in an argument with her outside the bedroom door. He returned to the bedroom, locked the door, and punched M.P. in the face, breaking her jaw. He then strangled her, lifting her off the ground as he choked her.

{¶ 19} When M.P. broke free and again tried to escape the room, appellant prevented her from leaving. He barricaded the already-locked door with a dresser and other objects. He refused to free M.P., who was in need of medical help, and he ignored his sister's repeated calls to open the door. When police officers eventually arrived on scene, appellant still had M.P. barricaded in the bedroom. It took several minutes of the police pounding on the locked, barricaded door before appellant eventually released M.P.

{¶ 20} Given these facts, we find that the abduction offense was committed

separately from the strangulation offense and the offenses caused separate and distinct identifiable harm. The strangulation offense was complete after appellant choked M.P., lifting her off the ground. Appellant separately committed the abduction offense by using force to restrain M.P.'s liberty. He restrained her liberty independently from his act of choking her. Appellant not only locked M.P. in the bedroom, but he also barricaded the door after assaulting her. M.P. suffered separate identifiable harm by being held against her will and denied the medical attention she needed. Based on these facts, we find that the offenses were not allied offenses as they were committed separately and created separate and identifiable harm to M.P. The trial court, therefore, did not err in imposing separate sentences for the strangulation and abduction convictions. Appellant's sole assignment of error is overruled.

{¶ 21} Judgment affirmed.

M. POWELL and BYRNE, JJ., concur.