[Cite as *State v. Cunningham*, 2017-Ohio-4069.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 104520

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TIFFANY L. CUNNINGHAM

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-602805-A

**BEFORE:** Laster Mays, J., Stewart, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 1, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender

By:   Cullen Sweeney
Assistant County Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Jennifer Lynne O'Malley
        Edward D. Brydle
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Avenue
Cleveland, Ohio, 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Tiffany L. Cunningham ("Cunningham"), appeals her consecutive sentences and asks this court to vacate her sentence and remand to the trial court for resentencing. We affirm.

{¶2} Cunningham was indicted on 40 counts of various felonies. She pleaded guilty to Counts 2, 4, 7, 9, 12, and 14 of the indictment. Count 2 was for conspiracy, a second-degree felony, in violation of R.C. 2923.02(A)(1). Count 4 was for theft, a fifth-degree felony, in violation of R.C. 2913.02(A)(3). Count 7 was for money laundering, a third-degree felony, in violation of R.C. 1315.55(A)(3). Count 9 was for identity fraud, a fourth-degree felony, in violation of R.C. 2913.49(B)(2). Counts 12 and 14 were for forgery, fifth-degree felonies, in violation of R.C. 2913.31(A)(3). The trial court sentenced Cunningham to prison for three years on Count 2, six months on Count 4, 12 months on Count 7, nine months on Count 9, six months on Count 12, and six months on Count 14, to be served consecutively for a total of six years and three months. Cunningham was also ordered to pay $254,687.81 in restitution.

## I.    Facts

{¶3} Cunningham, along with her coconspirators, defrauded the retail chain stores of TJ Maxx across seven states over a period of four years. The scheme included the purchase of several items, mostly over $50.00, and one or two items that were less than $50.00. Immediately after purchasing the items, Cunningham would return most of the

items over $50.00. Because she did not return all of the items, she was able to retain the original receipt. Cunningham would then take the original receipt to other TJ Maxx stores in surrounding areas and repeat the return process with duplicate items that she either stole or cheaper merchandise that she sewed on labels. Cunningham would complete the returns all in one day before midnight so that the online system could not track the multiple returns.

{¶4} Cunningham signed all refund slips with a different name, and was able to defraud TJ Maxx out of $254,687.81. Cunningham was arrested in January 2016, and charged with 40 counts of conspiracy, theft, money laundering, identity fraud, and forgery. She pleaded guilty to 6 of the 40 counts and was sentenced to 6 years and 3 months imprisonment, to be served consecutively. The state and defense counsel agreed that none of the offenses were allied offenses. As a result of the agreement, Cunningham has filed this timely appeal assigning one error for our review:

> I. The trial court erred by not merging allied offenses of similar import for the purpose of sentencing.

## II. Allied Offenses

### A. Standard of Review

{¶5} "An appellate court applies a de novo standard of review when reviewing whether two offenses are allied offenses of similar import." *State v. Boczek*, 8th Dist. Cuyahoga No. 103811, 2016-Ohio-5708, ¶ 4.

### B. Law and Analysis

{¶6} In Cunningham's sole assignment of error, she argues that the trial court erred

by not merging Counts 4 and 12 for the purpose of sentencing.

> When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense. When the conduct supports more than one offense, however, a court must conduct an analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses. R.C. 2941.25(B).

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 24.

**{¶7}** When determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25,

> [C]ourts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance — in other words, did each offense cause separate, identifiable harm? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id*. at ¶ 6, citing *Ruff* at ¶ 31.

**{¶8}** Cunningham contends that theft and forgery are allied offenses. However, the state and Cunningham's counsel agreed that none of the offenses were allied offenses.

> This court has previously held that where the transcript demonstrates that the state and defense counsel agreed that offenses were not allied, the issue of allied offenses is waived. *See, e.g., State v. Booker*, 8th Dist. Cuyahoga No. 101886, 2015-Ohio-2515, ¶ 18-19; *State v. Adams*, 8th Dist. Cuyahoga No. 100500, 2014-Ohio-3496, ¶ 10-13; *State v. Yonkings*, 8th Dist.

Cuyahoga No. 98632, 2013-Ohio-1890, ¶ 5; *State v. Carman*, 8th Dist. Cuyahoga No. 99463, 2013-Ohio-4910, ¶ 17-18; *State v. Ward*, 8th Dist. Cuyahoga No. 97219, 2012-Ohio-1199, ¶ 20; *see also State v. Crockett*, 8th Dist. Cuyahoga No. 100923, 2014-Ohio-4576, ¶ 4-7, 15-16; *State v. James*, 8th Dist. Cuyahoga No. 102604, 2015-Ohio-4987, ¶ 27, 53 N.E.3d 770 (where there was no plea agreement, but the state told the trial court at sentencing that it did not believe that Counts 5 and 6 merged for sentencing and defense counsel agreed, stating that 'Count [sic] 5 and 6 do not merge into the first four counts * * *,' defense counsel's statement was 'enough to constitute a waiver of R.C. 2941.25' and to distinguish the case from Underwood); but *see State v. Carter*, 8th Dist. Cuyahoga No. 101810, 2015-Ohio-1834, ¶ 31 (rejecting argument that defendant could not appeal allied offense issue because the parties 'agreed to a sentencing range that could only be achieved by [the defendant] being sentenced to consecutive terms on both counts'); *State v. Ewing*, 6th Dist. Lucas No. L-14-1127, 2015-Ohio-3804, ¶ 14-15 (an agreed sentence to a term that 'by necessity would require * * * two sentences to be run consecutively * * * does not overcome the strong presumption against waiver, particularly where the record contains no discussion of the issue').

*State v. Black*, 2016-Ohio-383, 58 N.E.3d 561, ¶ 18 (8th Dist.). In this case, the transcript clearly shows that defense counsel agreed that the offenses were not allied offenses and would not merge for sentencing. Therefore, Cunningham waived the allied offenses issue.

{¶9} However, we can review for plain error.

An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice. Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

*State v. Hilliard*, 8th Dist. Cuyahoga No. 102214, 2015-Ohio-3142, ¶ 26.

{¶10} Cunningham was charged with theft, in violation of R.C. 2913.02(A)(3), which states, "no person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: By deception." She was also charged with forgery, in violation of R.C. 2913.31(A)(3), which states, "no person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following: [u]tter, or possess with purpose to utter, any writing that the person knows to have been forged."

{¶11} On May 14, 2012, in Columbus, Ohio, Cunningham made a purchase and immediately returned the items for a refund at a TJ Maxx store. On the refund slip, Cunningham signed someone else's name. This is when the forgery was committed and the initial harm. Upon completion of the refund, Cunningham kept the original purchase receipt. Then, Cunningham went to a TJ Maxx store in Mansfield, Ohio, stole the same items she returned in Columbus, and returned them to the Mansfield store using her own name. This is the separate theft offense and the second identifiable harm. Cunningham's theft and forgery caused a separate, identifiable harm.

{¶12} Cunningham committed the theft and forgery with a separate animus and motivation even though there was agreement between the state and defense that there were no allied offenses. She committed the theft in order to return the items for additional money from TJ Maxx. However, the forgery was committed so that TJ Maxx could not identify her. Therefore, the charges for theft and forgery are not allied offenses, Cunningham has not demonstrated where an error occurred during the

proceedings and that reversal is necessary to correct a manifest miscarriage of justice. Cunningham's sole assignment of error is overruled.

**{¶13}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

LARRY A. JONES, SR., J., CONCURS;
MELODY J. STEWART, P.J., CONCURS IN JUDGMENT ONLY