[Cite as *State v. Lee*, 2018-Ohio-1839.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 105894

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALIJAH K. LEE

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-612252-B

**BEFORE:** S. Gallagher, J., E.T. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 10, 2018

**ATTORNEY FOR APPELLANT**

J. Philip Calabrese
Porter Wright Morris & Arthur, L.L.P.
950 Main Avenue, Suite 500
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Timothy R. Troup
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Alijah Lee appeals his 14-year, aggregate sentence that was imposed by the trial court upon the parties' recommendation. Lee's convictions are affirmed.

{¶2} The sentences imposed in this case are not ones that can be reviewed under R.C. 2953.08(D)(1). R.C. 2953.08(D)(1) states as follows:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

In that statutory section, the legislature limited appellate jurisdiction with respect to agreed sentences. *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, ¶ 22 ("R.C. 2953.08(D)(1) is another example of a statutory limit on a court of appeals' jurisdiction to hear an appeal.").

{¶3} Lee agreed to serve an aggregate term of 14 years in prison through the imposition of minimum terms on all counts to be served consecutive to each other. Tr. 19:7-11 (confirming that the defendant's plea agreement and jointly recommended sentence included the understanding that all minimum-termed sentences would be consecutively served). A defendant has no right to appeal his sentences if they are jointly recommended by the parties, the trial court imposes the agreed sentences, and the sentences are "authorized by law." R.C. 2953.08(D)(1). *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.[1]

---

[1] All references to *Underwood* refer to *State v. Underwood*, 124 Ohio St.3d 365,

{¶4} Lee neither claims, nor even remotely suggests, that his sentences are not authorized by law.   Lee simply discusses the merits of his sentences without regard to his ability to appeal them under R.C. 2953.08.   A defendant's right to appeal a sentence is derived from R.C. 2953.08.   *Underwood* at ¶ 10.   "[I]f a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence 'is not subject to review.'" *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15.   There is no dispute from the record that the trial court imposed the sentence that was jointly recommended.   R.C. 2953.08(D)(1).   Thus, the only question is whether the sentences imposed are authorized by law.

{¶5} *Underwood* stands for the proposition that "[a] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all *mandatory* sentencing provisions."   (Emphasis sic.)   *Sergent* at ¶ 26, quoting *Underwood* at paragraph two of the syllabus.   One of those mandatory provisions is R.C. 2941.25(A).   *Underwood* recognized that *"when a sentence is imposed on multiple counts that are allied offenses of similar import* in violation of R.C. 2941.25(A), R.C. 2953.08(D) does not bar appellate review of that sentence even though it was jointly recommended by the parties and imposed by the court."   (Emphasis added.) *Underwood* at ¶ 26.   Thus, that statutory section prohibits sentencing on multiple offenses only if the trial court determines or the parties concede that the offenses are allied and subject to merger.   *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71

2010-Ohio-1, 922 N.E.2d 923.

N.E.3d 234, ¶ 27-28; *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860; *see also Underwood* at ¶ 21. If a trial court sentences a defendant on separate counts deemed to be allied offenses, the sentence is both contrary to law and not authorized by law, and a trial court plainly errs in imposing such sentences. *Underwood* at ¶ 21, 31.

{¶6} Often overlooked is the fact that *Underwood* did not involve an agreement on the merger issue implicating R.C. 2953.08(D)(1). *State v. Underwood*, 2d Dist. Montgomery No. 22454, 2008-Ohio-4748, ¶ 24. After the defendant pleaded guilty, the state prepared a sentencing memorandum conceding that the two counts merged for the purposes of sentencing. *Id.* The trial court nonetheless imposed concurrent sentences on both counts. *Id.* at ¶ 27. The error in *Underwood* was that the court imposed separate sentences on counts deemed to be allied offenses of similar import at the sentencing hearing. No court has authority to impose such sentences, which are void as a matter of law. *Williams* at ¶ 28. Regardless of R.C. 2953.08(D)(1), an appellate court has authority to review sentences that are void. *Id.*, citing *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 25 (when a sentence is contrary to law, and thus void, it is a nullity — it is as though it never occurred).

{¶7} *Underwood* nevertheless acknowledged the possibility that an agreed sentence that involves a discretionary sentencing decision is unreviewable. *Sergent* at ¶ 29, citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690. Accordingly, defendants can waive application of R.C. 2941.25. *State v. Cunningham*,

8th Dist. Cuyahoga No. 104520, 2017-Ohio-4069, ¶ 8, citing *State v. Booker*, 8th Dist. Cuyahoga No. 101886, 2015-Ohio-2515, ¶ 18-19. Waiving rights under R.C. 2941.25 arises in a variety of ways and is not limited to an agreement expressly referencing R.C. 2941.25. *State v. Black*, 2016-Ohio-383, 58 N.E.3d 561, ¶ 16 (8th Dist.), citing *Rogers* at ¶ 20. *Black* noted that in *Rogers*, the Ohio Supreme Court indicated that "[i]t is possible for an accused to expressly waive the protection afforded by R.C. 2941.25, *such as* by 'stipulating in the plea agreement that the offenses were committed with separate animus.'" (Emphasis sic.) *Id.,* quoting *Underwood* at ¶ 29. Thus, expressly stipulating that the offenses were committed with a separate animus is not the exclusive method of waiving rights under R.C. 2941.25.

{¶8} Agreeing to serve consecutive sentences is equivalent to agreeing that multiple offenses are separate under R.C. 2941.25. The result is the same. The trial court is authorized to impose separate sentences on each count irrespective of the lack of R.C. 2929.14(C)(4) findings that ordinarily render the consecutive sentence as being contrary to law. *Sergent,* 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, at ¶ 29.

{¶9} A defendant cannot agree to consecutively serve sentences without agreeing that the court has authority to impose the individual sentences on each count. Stated another way, agreeing to the imposition of multiple sentences is a necessary prerequisite to agreeing to consecutive service, for it is "[o]nly after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively." *State v. Saxon*, 109

Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9. Therefore, agreeing to consecutively serve multiple sentences includes the defendant's agreement that the sentences are separate for the purposes of R.C. 2941.25.

{¶10} In this case, Lee agreed that consecutively serving the minimum prison terms on all counts was part of his plea agreement. Tr. 19:7-11. Lee necessarily waived the argument that the underlying offenses were allied ones of similar import through his agreement to serve all counts consecutively; otherwise, consecutive sentences would not have been possible. *See, e.g., Black* at ¶ 17. Since Lee waived the merger issue, his sentences are authorized by law. *Sergent*; *State v. Johnson*, 8th Dist. Cuyahoga No. 105904, 2018-Ohio-102, ¶ 11. This ends the appellate inquiry in this case. We have no authority to review the sentence. R.C. 2953.08(D)(1).

{¶11} For the sake of discussion, and in light of the concurring opinion's misplaced focus on *Rogers*, even if Lee had not waived his right to challenge his sentences under R.C. 2941.25 by agreeing to consecutively serve the separate sentences, he at the least forfeited the merger argument by failing to object to the imposition of multiple sentences at the sentencing hearing. The trial court did not consider R.C. 2941.25 at sentencing because Lee failed to object to his sentences. It is only once the allied-offense issue is raised by the defendant that the mandatory sentencing provision under R.C. 2941.25 may be implicated, but only in situations in which the trial court concludes or the parties concede that the offenses are allied ones of similar import. *Williams* at ¶ 25-28. Accordingly, the sentences in this case comport with all mandatory

sentencing provisions as contemplated under *Underwood* and R.C. 2953.08(D)(1), even if Lee had not negotiated the question of merger out of the sentencing equation.

{¶12} The concurring opinion suggests the existence of a paradox that permits appellate review of the sentences in this case, that under *Rogers* the appellate court must review the validity of the imposed sentences under the plain-error standard of review in order to determine whether the sentences are "authorized by law" under R.C. 2953.08(D)(1). The existence of plain error, a standard of appellate review, does not resolve or even impact the threshold question of whether a sentence is "authorized by law" under R.C. 2953.08(D)(1), a legal determination focusing on the trial court's mandatory sentencing obligations. The plain-error standard of review necessarily assumes that appellate review of a sentence is authorized under R.C. 2953.08. If an imposed agreed sentence is "authorized by law," we lack jurisdiction to review for plain error. *Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, at ¶ 22. *Rogers* does not provide a basis to circumvent the R.C. 2953.08(D)(1) limitation on appellate jurisdiction.

{¶13} The Ohio Supreme Court has held that when a trial court "finds that convictions are not allied offenses of similar import, *or when it fails to make any finding regarding whether the offenses are allied*," imposing separate sentences is not contrary to law and any allegations of error must be asserted through a direct appeal. (Emphasis added.) *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 26, citing *Rogers*. In other words, there is no mandatory duty for a trial court to sua sponte

consider R.C. 2941.25 at sentencing. At one time there could have been. *Underwood* expressly recognized that "when the plea agreement is silent on the issue of allied offenses of similar import, * * * *the trial court is obligated under R.C. 2941.25* to determine whether the offenses are allied." (Emphasis added.) *Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 29.

{¶14} However, that proposition is no longer valid, if it ever was. *See generally Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860. In *Rogers*, it was determined that the burden to raise R.C. 2941.25 at sentencing falls on the defendant and only then does the trial court have an obligation under R.C. 2941.25. *Rogers* at ¶ 21 ("Thus, by failing to seek the merger of his convictions as allied offenses of similar import in the trial court, Rogers forfeited his allied offenses claim for appellate review."). As a result, there is no mandatory sentencing provision that includes the requirement for the trial court to consider R.C. 2941.25 of its own volition to implicate *Underwood*.

{¶15} Notwithstanding, the concurring opinion concludes that "[a]lthough Lee failed to raise the issue of allied offenses in the trial court, we are required to review his claim for plain error in order to determine whether or not it is reviewable under R.C. 2953.08(D)(1) * * *." If we take this analysis to its logical conclusion, all imposed agreed sentences are subject to the plain-error standard of appellate review because if plain error exists for any reason, the sentences are not "authorized by law" and are thereby subject to appellate review under R.C. 2953.08(D)(1). This circular reasoning unilaterally expands the definition of "authorized by law" and is at the expense of the

Ohio Supreme Court's admonition — that even if plain error in the sentencing exists, "an appellate court is not required to correct it" and should only do so with the "utmost caution." *Rogers* at ¶ 23.

{¶16} The resolution of the plain error inquiry does not impact the determination of whether a sentence is "authorized by law." A sentence is "authorized by law" if it comports with all mandatory sentencing provisions because "[a] trial court does not have the discretion to exercise its jurisdiction in a manner that ignores mandatory statutory provisions." *Underwood* at ¶ 20. R.C. 2941.25 does not include a mandatory obligation for the trial court to consider the allied offense issue in the absence of an objection or agreement. *Williams* at ¶ 26. Thus, although a sentence that is not "authorized by law" could be considered "plain error" under the right circumstances, the opposite is not necessarily true — these terms are distinct legal concepts. Appellate courts may consider the existence of plain error only if appellate review of the sentence is authorized under R.C. 2953.08(D)(1). We cannot put the proverbial cart before the horse and review to determine whether reversible error exists in determining whether we have jurisdiction to review for error.

{¶17} Further, any reliance on R.C. 2953.08(D)(1) as the basis for reviewing the type of sentences imposed in *Underwood* has been limited by implication. In *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, the Ohio Supreme Court held that any violation of the mandatory obligation under R.C. 2941.25 through imposing sentences for allied offenses renders those sentences as being contrary to law, and further, any such

sentence is void as a matter of law. *Id.* In the proceedings at issue in *Underwood*, in its sentencing memorandum, the state had conceded that the some of the offenses were allied under R.C. 2941.25. *Underwood*, 2d Dist. Montgomery No. 22454, 2008-Ohio-4748, at ¶ 24. The trial court in that case was advised that only one sentence could result on two of the theft offenses, but separate sentences were nonetheless imposed to be served concurrently. *Id.* at ¶ 27. In *Underwood*, the Ohio Supreme Court relied on R.C. 2953.08(D)(1) for its authority to review the sentence, concluding that because the sentences were not authorized by law, appellate review was permissible.

**{¶18}** In *Williams*, the trial court deemed two counts to be allied offenses of similar import, but nonetheless imposed separate sentences to be served concurrently in the sentencing entry. *Williams* at ¶ 7. The Ohio Supreme Court concluded that those sentences were void and subject to attack irrespective of R.C. 2953.08. A void sentence is always reviewable. *Williams* at ¶ 22, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 (a sentence that is contrary to law may be reviewed at any time).

**{¶19}** According to *Williams*, the *Underwood* analysis interpreting R.C. 2953.08(D)(1) was unnecessary because appellate review was necessarily permitted through the inherent power of the court to correct void judgments. In *Rogers*, on the other hand, the sentences were not contrary to law or void, and were otherwise authorized by law. The sentences were voidable under the plain error analysis if the defendant could demonstrate such error in the direct appeal. *Williams* at ¶ 29. However, a

defendant's agreement to the imposed sentences, which subsumes issues that could ordinarily be challenged on a direct appeal, divests this court of jurisdiction to review the sentence to determine whether the sentences are voidable under *Rogers.* R.C. 2953.08(D)(1).

**{¶20}** In consideration of the foregoing, the only review permitted at this juncture is to determine whether we have jurisdiction to review the imposed agreed sentence. *Noling,* 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095. Under R.C. 2953.08(D)(1), we must determine whether the sentences are "authorized by law." *See, e.g.*, *State v. Daniels*, 1st Dist. Hamilton No. C-160203, 2017-Ohio-548, ¶ 12 (forfeiting the merger issue limits the discussion regarding merger to plain error review for the purposes of determining whether a sentence is authorized by law); *State v. Fleischer*, 7th Dist. Jefferson No. 16 JE 0011, 2017-Ohio-7762, ¶ 23 (asserting the same); *see also Black*, 2016-Ohio-383, 58 N.E.3d 561, at ¶ 19 (8th Dist.). A sentence is authorized by law if it comports with all mandatory sentencing provisions. *Underwood* at ¶ 23.

**{¶21}** Lee advanced a single claim that permeated every appellate argument — that the imposition of multiple sentences was plain error under R.C. 2941.25 because the crimes were committed with the same conduct. According to Lee, however, the trial court failed to consider R.C. 2941.25 at sentencing. R.C. 2941.25 does not contain a mandatory provision for the court to sua sponte consider the merger issue at sentencing. *Williams* at ¶ 26, citing *Mosely v. Echols*, 62 Ohio St.3d 75, 76, 578 N.E.2d 454 (1991); *State v. Holdcraft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8; *Rogers* at ¶

21. The statutory section only contains an inapplicable, mandatory provision prohibiting the imposition of multiple sentences for offenses that are allied ones of similar import. *Id.* at ¶ 28.

**{¶22}** Lee's sentence is not contrary to law as contemplated in *Underwood*, through the lens of *Williams* — the aggregate sentence is not comprised of sentences for offenses the trial court determined or the parties conceded to be allied ones of similar import. And his sentences comport with all mandatory sentencing provisions — when the plea agreement is silent on the issue of allied offenses of similar import, the trial court is not obligated under R.C. 2941.25 to determine whether the offenses are allied. *Williams,* 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 25-26; *see also Rogers* at ¶ 21 (the defendant bears the burden of raising R.C. 2941.25 at sentencing). Further, by agreeing to consecutively serve the sentences imposed on all counts, his sentences are "authorized by law" irrespective of the findings under R.C. 2929.14(C)(4) that the trial court made in the abundance of caution. *See generally Sergent,* 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627. Whether we consider Lee to have waived or forfeited his rights under R.C. 2941.25, the same conclusion is reached — we lack the statutory authority to review the sentences imposed.

**{¶23}** It would be simple to consider the merits of Lee's sentencing arguments in this case. Under *Rogers,* we review the failure to consider R.C. 2941.25 at sentencing for plain error. Plain error exists if the defendant can demonstrate the reasonable probability that he has been convicted of allied offenses from within the appellate record.

*Rogers* at ¶ 25.   Lee concedes there are no facts underlying the criminal conduct in the record.   Instead, additional information describing the underlying criminal conduct was appended for our consideration.   The defendant bears the burden of demonstrating plain error from the record.   *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 22, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16.   We could not decide the appeal on, let alone consider, facts outside the record. *State v. Wittine*, 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745, ¶ 4, citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus; and *State v. Hill*, 90 Ohio St.3d 571, 573, 2001-Ohio-20, 740 N.E.2d 282.   And even if we could determine that plain error existed, the Ohio Supreme Court has admonished appellate courts for freely invoking the plain error doctrine.   *Rogers* at ¶ 22.   If plain error is demonstrated, the doctrine should only be invoked in the "utmost caution, under exceptional circumstances and *only* to prevent a manifest miscarriage of justice." (Emphasis sic.)   *Rogers* at ¶ 23.   This is an extremely high burden.

{¶24} The practice of reviewing sentences such as the underlying ones in this case, would condone the review of an otherwise unreviewable sentence, nullifying the statutory limitation on appellate jurisdiction to review sentences.   *Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095, at ¶ 22.   The concern is not necessarily this case, but the long-term impact of such a holding.   Freely reviewing sentences in such cases would only serve to undermine the state's incentive to entertain plea bargains in the first place. As has been recognized,

[A] plea bargain is, after all, a bargain. In the bargain, the prosecutor achieves certain benefits: a foregoing of the risk that the defendant will be found not guilty, relief from the burden of trying the case and a concomitant ability to devote prosecutorial resources to other cases, and *limitations on the defendant's right to appeal an agreed sentence*, *see* R.C. 2953.08(D)(1).

In return, the prosecutor is able to offer the defendant certain sentencing considerations. Both sides exchange risk about the outcome for an enhanced degree of certainty.

(Emphasis added.) *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 17.

{¶25} Finally, Lee argues that his plea was invalid because his trial counsel's assistance fell below the objective standards of reasonableness in rendering advice regarding the sentencing agreement. Generally the validity of the plea is separate from the sentencing review precluded under R.C. 2953.08(D)(1). *State v. Billiter*, 4th Dist. Scioto No. 15CA3720, 2018-Ohio-733, ¶ 14, citing *State v. Royles*, 1st Dist. Hamilton Nos. C060875 and C060876, 2007-Ohio-5348, ¶ 10. However, Lee's argument is entirely based on the sentencing aspect of his case. The merger of allied offenses occurs at sentencing, a subsequent stage of the proceedings. *Rogers* at ¶ 19, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 8.

{¶26} According to Lee, he would not have pleaded guilty to such a long sentence had he been advised that the various offenses "constitute allied offenses under Ohio

Law." Setting aside his circular logic, it is not entirely clear how that knowledge would have altered Lee's decision-making process. His appellate argument fails to elaborate on that point. There is no dispute that the trial court notified Lee of the maximum sentences he faced on the individual offenses during the plea colloquy (14 years alone on the aggravated robbery that included a mandatory consecutive three-year firearm specification on top of the maximum 11-year sentence for the first-degree felony) and that no promises had been given in exchange for the plea agreement. Without providing any analytical framework, he summarily states that the plea was not knowingly, voluntarily, or intelligently entered because it was plain error to impose sentences on allied offenses, citing *State v. Cook*, 8th Dist. Cuyahoga No. 95987, 2011-Ohio-5156, ¶ 23.

**{¶27}** Lee cannot challenge his attorney's failure to object to aspects of the sentences to which Lee agreed. *See, e.g., State v. Anthony*, 2015-Ohio-2267, 37 N.E.3d 751, ¶ 66 (8th Dist.) (attorney cannot be deemed ineffective for failing to object to an agreed sentence). Without any demonstration that his sentences are not authorized by law or are contrary to law, his ineffective assistance of counsel argument is disregarded pursuant to R.C. 2953.08(D)(1). If Lee cannot appeal his sentence based on his agreement to serve the sentences imposed, he cannot challenge his attorney's failure to object to those sentences or to advise Lee of the possibility that the sentences could merge either.

**{¶28}** Lee's sentences are authorized by law and are ones that were both jointly recommended by the parties and imposed by the trial court. There was no mandatory

duty for the court to address R.C. 2941.25, and thus, the sentences were authorized by law as contemplated in *Underwood.* The sentences are also not contrary to law. Lee confirmed his understanding of the agreement included aggregating the minimum terms on all counts through consecutive sentencing and, thereby, waived any merger arguments his counsel could have raised at sentencing. We cannot review the assignments of error as presented, and thus, we affirm.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, J., CONCURS;
EILEEN T. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION


EILEEN T. GALLAGHER, P.J., CONCURRING IN JUDGMENT ONLY:

**{¶29}** I concur with the majority's conclusion that Lee's sentence is not reviewable. However, in contrast to the majority's view, I believe we must review Lee's sentence in order to determine that it is, in fact, not reviewable.

**{¶30}** R.C. 2953.08(D)(1) provides, in relevant part, that a sentence is not reviewable if (1) it was jointly recommended by the defendant and the state, (2) it is authorized by law, and (3) imposed by the court. This is a paradox. How can we determine whether a sentence is illegal or authorized by law without reviewing it?

**{¶31}** A sentence is "authorized by law" and not appealable within the meaning of R.C. 2953.08(D)(1) "only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 20. R.C. 2941.25, which governs the sentencing of allied offenses, is a mandatory sentencing provision. That is, a sentencing court's duty to merge allied offenses is "'mandatory, not discretionary.'" *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 27, quoting *Underwood* at ¶ 26.

**{¶32}** Lee's first assignment of error states: "The trial court erred by accepting and imposing a sentence for allied offenses that merge for purposes of sentencing." Within this assigned error, Lee argues his aggravated robbery and kidnapping convictions "are allied offenses that constitute a single offense for sentencing purposes." (Appellant's brief p. 8.) He also asserts that "these offenses were not committed separately" and that "they were not committed with a separate animus or motivation." Thus, Lee argues he

was illegally subjected to multiple punishments for the same conduct in violation of R.C. 2941.25. He contends his jointly agreed sentence is not authorized by law.

{¶33} R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, which prohibit multiple punishments for the same offense. The majority acknowledges that Lee never expressly stipulated that the offenses were committed with a separate animus, but asserts that his agreement to serve consecutive prison sentences is equivalent to agreeing that his multiple convictions are dissimilar in import and not subject to merger under R.C. 2941.25. (Majority opinion at ¶ 8.) Indeed, the agreed 14-year sentence cannot be reached without imposing separate sentences on multiple counts and running the sentences consecutively to one another since the maximum prison term on each individual offense is less than 14 years. Thus, the majority believes Lee waived any claim of error with regard to allied offenses and that his sentence is not reviewable because it was an agreed consecutive sentence. I respectfully disagree.

{¶34} The dissenting justices in *Underwood* made arguments similar to that put forth by the majority. Justice O'Donnell argued that Underwood's sentence was not reviewable because it was jointly recommended, and Underwood received the benefit of his plea bargain. *Id*. at ¶ 60. Justice Cupp argued that Underwood's agreement to the sentence "should be characterized as a specific waiver of the ability to challenge the sentence." *Id*. at ¶ 73. However, the majority in *Underwood* rejected these arguments,

explaining that a defendant is prejudiced by having more convictions than are authorized by law regardless of his plea bargain. *Id*. at ¶ 31.

**{¶35}** The majority in *Underwood* also observed that courts indulge every reasonable presumption against the waiver of fundamental constitutional rights and that they do not presume acquiescence in the loss of fundamental rights. *Id.* ¶ 32. Moreover, "'[a] waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege.'" *Id.*, quoting *State v. Adams*, 43 Ohio St.3d 67, 69, 538 N.E.2d 1025 (1989). Thus, the majority in *Underwood* suggested that a defendant could waive the issue of allied offenses by "stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence." *Id.* at ¶ 29. Lee neither stipulated that his offenses were committed with a separate animus nor did he indicate a specific intent to relinquish his right to be free from Double Jeopardy.

**{¶36}** Nevertheless, the majority maintains, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, that Lee forfeited his allied offenses claim by failing to raise the issue in the trial court. But a forfeited error is not unreviewable; it is reviewable for plain error. *Rogers* at ¶ 22. Moreover, the "imposition of multiple sentences for allied offenses of similar import is plain error." *Underwood* at ¶ 31, citing *Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, ¶ 96-102. Although Lee failed to raise the issue of allied offenses in the trial court, we are required to review his claim for plain error in order to determine whether or not it is reviewable under R.C.

2953.08(D)(1) because, again, "'a trial court is prohibited from imposing individual sentences for counts that constitute allied offenses of similar import.'" *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 27, quoting *Underwood* at ¶ 26.

**{¶37}** The majority further asserts, citing *State v. Sergeant*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, that "by agreeing to consecutively serve the sentences imposed on all counts, his sentences are 'authorized by law' irrespective of the finding under R.C. 2929.14(C)(4) * * *." (Majority opinion at ¶ 22.) However, in *Sergeant,* the trial court's failure to make statutory findings for the imposition of an agreed consecutive sentence was not reviewable because the consecutive sentence statute, R.C. 2929.14(C), is a discretionary sentencing provision. *Id*. at ¶ 26-29. By contrast, the merger of allied offenses of similar import is constitutionally mandated. *Underwood* at ¶ 26-27; *Williams* at ¶ 27; *Sergeant* at ¶ 27. Therefore, I believe *Sergeant* is inapplicable to the allied offenses argument raised in Lee's appeal.

**{¶38}** Finally, the majority maintains that the practice of reviewing sentences such as the one at issue in this case "would condone the review of an otherwise unreviewable sentence" and thereby "nullify[] the statutory limitation on appellate jurisdiction to review sentences." (Majority opinion at ¶ 21.) But that is the paradox set forth in R.C. 2953.08(D)(1): we have to review a claimed error in order to determine that it is not reviewable.

{¶39} I share the majority's sentiment that an agreed sentence should constitute a waiver of sentencing errors, including the alleged failure to merge allied offenses. Unfortunately instead of providing such a waiver, R.C. 2953.08(D)(1) directs us to examine jointly recommended sentences for violations of mandatory sentencing provisions. Having examined Lee's sentence for plain error and concluded that Lee's sentence is authorized by law, I agree with the majority's conclusion that his sentence is not reviewable.