[Cite as *State v. Champion*, 2022-Ohio-3146.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-210534 |
| | | C-210604 |
| Plaintiff-Appellee, | : | TRIAL NO. B-2000001 |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| JERMAINE CHAMPION, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 9, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Clyde Bennett,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}    Defendant-appellant Jermaine Champion appeals the judgment of the Hamilton County Court of Common Pleas.  In three assignments of error, Champion argues the underlying offenses and firearm specifications for which he was sentenced should have merged as a matter of law, and that his trial counsel was ineffective for failing to raise this issue.  Because Champion entered into a plea agreement with an agreed sentence and stipulated that the offenses were committed with a separate animus, we affirm the judgment of the trial court.

### *Facts and Procedure*

{¶2}    On January 3, 2020,  Champion was charged with aggravated murder, murder, felony murder, felonious assault, and having weapons under disability.  The aggravated-murder, murder, felony-murder, and felonious-assault charges each carried firearm specifications.  The matter proceeded to a jury trial, but ended in a mistrial.

{¶3}    On October 6, 2021, Champion waived his right to a jury trial and entered into a plea agreement.  Champion pleaded guilty to an amended and reduced charge of involuntary manslaughter, in violation of R.C. 2903.04(A), with a three-year firearm specification (count 3),[1] felonious assault, in violation of R.C. 2903.11A(A)(1), with a three-year firearm specification (count 4), and having weapons while under disability, in violation of R.C. 2923.13(A)(3) (count 5).  The plea agreement included an agreed recommended aggregate sentence of 19 years and specified that the sentences for counts 3 and 4, including the attendant firearm specifications would be

---

[1] At the plea hearing, the prosecutor stated, "Count 3 has been amended and reduced, Your Honor, from murder to involuntary manslaughter, 2903.04(A)."

served consecutively, while the sentence for count 5 would be served concurrently. In exchange, the state dismissed the remaining charges and specifications.

{¶4} At the plea hearing, Champion stipulated that counts 3 and 4 were not allied offenses of similar import:

**PROSECUTOR:** And it is my understanding, Your Honor, that

the Defense is stipulating that there was a separate animus in the

commission of * * * Counts 3 and 4.

**DEFENSE COUNSEL:** That is correct, Your Honor.

**THE COURT**: Thank you.

{¶5} After a thorough Crim.R. 11 plea colloquy, the trial court accepted the plea agreement and sentenced Champion to the agreed recommended 19-year aggregate sentence, followed by five years of postrelease control.

{¶6} Champion timely appealed.

### R.C. 2953.08(D)(1)

{¶7} In his first assignment of error, Champion contends that the trial court erred when it ordered Champion's sentences for involuntary manslaughter and felonious assault to be served consecutively because they were allied offenses. Champion argues that the offenses were "based on the exact same conduct for the exact same individual victim" and thus were not committed separately and were not committed with separate animus. He further argues that the resulting harm from the offenses is not separate and identifiable.

{¶8} In his second assignment of error, Champion contends that because the involuntary-manslaughter and felonious-assault convictions were allied offenses, the

3

trial court further erred in sentencing him to consecutive sentences for the firearm specifications attendant to those convictions.

{¶9} R.C. 2953.08(D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16; *State v. Williams*, 1st Dist. Hamilton No. C-150320, 2016-Ohio-376, ¶ 4.

{¶10} The Ohio Supreme Court explained in *Underwood* that "a sentence is authorized by law only if it comports with all mandatory sentencing provisions." *Underwood* at ¶ 23. R.C. 2941.25(A) is among those mandatory provisions, and mandates that there may be only one conviction, and thus one sentence, for allied offenses of similar import. *Underwood* at ¶ 26; *but see State v. Lee*, 2018-Ohio-1839, 112 N.E.3d 65, ¶ 14 (8th Dist.) ("the burden to raise R.C. 2941.25 at sentencing falls on the defendant and only then does the trial court have an obligation under R.C. 2941.25."). Thus, a court's failure to merge allied offenses of similar import at sentencing may result in a sentence that is not authorized by law. In those instances, appellate review is not barred by R.C. 2953.08(D)(1) even if the sentence was jointly recommended and imposed by the court. *Underwood* at ¶ 26; *Williams* at ¶ 5.

{¶11} However, "[i]t is possible for an accused to expressly waive the protection afforded by R.C. 2941.25 *such as* 'by stipulating in the plea agreement that the offenses were committed with separate animus.' " (Emphasis added.) *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20, quoting *Underwood* at ¶ 29; *see Williams* at ¶ 5. But, "[w]aiving rights under R.C. 2941.25

4

arises in a variety of ways and is not limited to an agreement expressly referencing R.C. 2941.25." *State v. Lee*, 2018-Ohio-1839, 112 N.E.3d 65, ¶ 7 (8th Dist.). For instance, waiver can also occur "where the transcript demonstrates that the state and defense counsel agreed that offenses were not allied." *State v. Black*, 2016-Ohio-383, 58 N.E.3d 561 ¶ 17-19 (8th Dist.). And a defendant's "[a]gree[ment] to serve consecutive sentences is equivalent to agreeing that multiple offenses are separate under R.C. 2941.25." *Lee* at ¶ 8.

{¶12} At the sentencing hearing, Champion, through counsel, stipulated that there was separate animus in the commission of counts 3 and 4. And Champion's signed plea agreement provided that the sentences for counts 3 and 4 would be served consecutively.

{¶13} It follows that Champion's stipulation that the offenses were committed with separate animus also applies to the firearm specifications. A firearm specification is not a separate criminal offense, but "merely a sentencing provision that requires an enhanced penalty upon certain findings." *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 19. In other words, the specification is contingent upon the underlying offense. *Id.*; *see State v. Hayes*, 2d Dist. Clark No. 2014-CA-27, 2014-Ohio-5362, ¶ 25.

{¶14} Because Champion stipulated that counts 3 and 4 were committed with separate animus, he expressly waived the allied-offenses issue. Accordingly, the sentences imposed by the trial court were authorized by law and are not subject to appellate review. The first and second assignments of error are overruled.

*Ineffective Assistance of Counsel*

{¶15} In Champion's third assignment of error, he argues that he received ineffective assistance because his counsel "drafted a plea agreement and had his client enter into an agreement that stated that two clearly allied offenses would be served consecutively." Champion contends that, but for his counsel's ineffective assistance, his sentences would not be served consecutively, and he would be serving less time in prison. The state contends that Champion readily agreed to enter into the plea agreement, and that without the stipulation, he would be facing life in prison.

{¶16} To prevail on his ineffective-assistance-of-counsel claim, Champion must demonstrate that "counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. James*, 1st Dist. Hamilton No. C-210319, 2021 Ohio App. LEXIS 4456, ¶ 21 (Dec. 22, 2021); *see State v. Collins*, 2022-Ohio-452, 185 N.E.3d 146, ¶ 12 (1st Dist.); *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), syllabus.

{¶17} First, Champion has not demonstrated that his counsel's performance was deficient. Rather, defense counsel secured a plea deal that significantly reduced Champion's prison time and resulted in the state reducing his felony murder charge to involuntary manslaughter, and dismissing charges for murder and aggravated murder, which carried a potential life sentence. Moreover, stipulating to the allied-offense issue was permissible pursuant to *Underwood*, *Rogers*, and *Williams*,

6

and was reasonable given the circumstances. *See Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 29 ("nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence.").

{¶18} Even if Champion had satisfied the first prong, his claim would fail on the second prong because he has not demonstrated that, but for counsel's performance, he would have insisted on going to trial instead of entering a guilty plea. Rather, the record demonstrates that Champion was advised multiple times of the plea deal, understood the alternatives,[2] and signed a written plea agreement that clearly listed the maximum sentences and recommended sentences. At the plea hearing, the court told Champion, "I am choosing to tell you that I intend to follow that recommendation when we get through with this. Do you understand that?" Champion said that he understood. The court then sentenced him to the recommended sentences.

{¶19} Thus, Champion has not met his burden to demonstrate ineffective assistance of counsel. The third assignment of error is overruled.

### *Conclusion*

{¶20} For the foregoing reasons, we overrule Champion's first, second, and third assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

---

[2] At sentencing, counsel for Champion stated, "Following the trial, we've had intense discussions about the case and he, without hesitation, agreed to enter this guilty plea. * * * He is prepared to serve the consequences of his actions."

**ZAYAS, P. J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

